UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALBERT REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-173 (CKK) |
| | ) | |
| UNITED STATES CUSTOMS SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant has filed a motion for summary judgment. Because there is a genuine issue of material fact regarding Defendant's receipt of Plaintiff's FOIA request, the Court will deny Defendant's motion.

**Background**

Plaintiff alleges in an affidavit that on August 11, 2004, he sent a letter to the United States Customs Service requesting, pursuant to the FOIA, "all documents from any system of records maintained by you which either mention the undersigned by name or otherwise makes reference to [me] in an identifiable manner." Complaint ("Compl."), ¶ 6 & Exhibit ("Ex.") 1. Plaintiff filed this action on January 26, 2005, claiming Defendant had failed to acknowledge or otherwise respond to his request. *Id.*, ¶ 7. The United States Customs Service has no record of receiving a FOIA request

from Plaintiff or from anyone acting on his behalf.  Defendant's Motion for Summary Judgment, Declaration of Joanne Roman Stump ("Stump Decl."), ¶¶ 5-8.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56 (c) .  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).   The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment.  The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

## Discussion

Defendant contends that summary judgment should be granted because Plaintiff has failed to exhaust administrative remedies.  Generally, a party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court. *Oglesby v. Dept' of the Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002).  FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).

It is undisputed that Plaintiff did not file an appeal of Defendant's failure to respond to his FOIA request and that Plaintiff failed to exhaust his administrative remedies.  Plaintiff's claim rests on the fact that Defendant did not respond to his FOIA request within the 20-day statutory requirement.  *See* 5 U.S.C. § 552(a)(6)(A).  If an agency does not comply with the FOIA's time requirements, a plaintiff has constructively exhausted his administrative remedies and may file suit. *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C.Cir. 2003).  These statutory deadlines, however, are triggered by the agency's *receipt* of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A).

Plaintiff has presented a genuine issue of material fact as to whether his request was, or should have been, received by the United States Customs Service.  Accordingly, the Court will deny

Defendant's motion for summary judgment and the agency will be directed to process the request presently.

## Conclusion

Summary judgment is not appropriate because there exists a genuine issue of material fact. Therefore, Defendant's motion will be denied. An appropriate order accompanies this Memorandum Opinion.

_____/s/_____  
COLLEEN KOLLAR-KOTELLY  
United States District Judge

DATE: July 28, 2005