# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**ALBERT REYES,**                   )
                                    )
      **Plaintiff,**       )
                                    )
      **v.**              )     **Civil Action No. 05-173 (CKK)**
                                    )
**UNITED STATES CUSTOMS**           )
**SERVICE,[1]**                     )
                                    )
      **Defendant.**       )
_____)

## MEMORANDUM OPINION

      Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552.  Defendant has filed a motion for summary judgment.

Because the Court concludes that Defendant has complied with the provisions of the FOIA and that

there are no genuine issues of material fact, the motion will be granted.

## Background

      Plaintiff alleges that on August 11, 2004, he sent a letter to the USCS requesting,

pursuant to the FOIA, "all documents from any system of records  maintained by you which

either mention the undersigned by name or otherwise makes reference to [me] in an identifiable

_____

[1] In March, 2003, the United States Customs Service ("USCS") and the Immigration and Naturalization Service ("INS") were transferred to the newly created Department of Homeland Security ("DHS").  The jurisdictional responsibilities of USCS and INS are now divided into two components, Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP").  ICE is the agency component that is the subject of this litigation.

manner."  Complaint ("Compl."), ¶ 6 & Exhibit ("Ex.") 1.   Plaintiff filed this action on January

26, 2005, claiming Defendant had failed to acknowledge or otherwise respond to his request.  *Id.*,

¶ 7.   In its first motion for summary judgment, the USCS  (hereinafter referred to as "ICE")

stated that it had no record of receiving a FOIA request from Plaintiff or from anyone acting on

his behalf.  Because the Court found that there was a genuine issue of material fact regarding

Defendant's receipt of Plaintiff's FOIA request, the Court denied summary judgment on July 28,

2005, and ordered Defendant to process Plaintiff's request.

      On September 8, 2005, Defendant's Information Disclosure Unit ("IDU") conducted a

search of its electronic system of records, the Treasury Enforcement Communications System

("TECS") for records responsive to Plaintiff's request by referencing Plaintiff's name.

Defendant's  Motion for Summary Judgment, Declaration of Marshall H. Fields, Jr. ("Fields

Decl."), ¶¶ 9, 17.   The search produced 11 pages of records.  *Id.*, ¶ 9.   The search also revealed

that Plaintiff was the subject of a criminal investigation originated by the ICE's office in

Brownsville, Texas.  *Id.*, ¶¶ 8, 17.   That office is under the jurisdiction of the Special Agent in

Charge ("SAC") in San Antonio, Texas.  *Id.*   The IDU requested that the SAC process Plaintiff's

request and send the final determinations directly to Plaintiff.  *Id.*, ¶ 9.

      By a letter dated September 22, 2005, Defendant released to Plaintiff 11 pages of records

with redactions.  *Id.*, ¶ 10 & Attachment 1.   ICE withheld certain information in those records

pursuant to FOIA exemptions 2, 7(C), and 7(F).  *Id.*   The SAC in San Antonio located 127 pages

of records responsive to Plaintiff's request.  *Id.*, ¶ 10 & Attachment 2.   On September 27, 2005,

the SAC released to Plaintiff 68 pages with redactions, pursuant to FOIA exemptions 2, 7(C),

7(D), and 7(F).  *Id.*   The SAC informed Plaintiff he was withholding 59 pages in their entireties

pursuant to exemption 7(D).  *Id.*  On review of the SAC's processing of Plaintiff's request, ICE

headquarters determined that the 59 pages should be released in part to Plaintiff.  *Id.*, ¶ 12 &

Attachment 3.  On November 2, 2005, ICE disclosed these records to Plaintiff with redactions

pursuant to exemptions 2, 7(C), 7(D), and 7(F).  *Id.*

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P.  56 (c) .  Material facts are those that "might affect the outcome of the suit under the

governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking

summary judgment bears the initial burden of demonstrating an absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635,

638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington*

*Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

The party opposing a motion for summary judgment, however, "may not rest upon the mere

allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a

genuine issue for trial."  *Anderson,* 477 U.S. at 248.  The non-moving party must do more than

simply "show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in

the movant's affidavits will be accepted as being true unless [the opposing party] submits his

own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963

F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7ᵗʰ Cir. 1982)).

 The mere existence of a factual dispute by itself, however, is not enough to bar summary

judgment.  The party opposing the motion must show that there is a genuine issue of *material*

fact.  *See Anderson*, 477 U.S. at 247-48.  To be material, the fact must be capable of affecting the

outcome of the litigation; to be genuine, the issue must be supported by admissible evidence

sufficient for a reasonable trier of fact to find in favor of the nonmoving party.  *See id.;*

*Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

 FOIA cases are typically and appropriately decided on motions for summary judgment.

*Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n.

13  (D.D.C. 1980).  In a FOIA case, the court may award summary judgment solely on the basis

of information provided by the department or agency in affidavits or declarations that describe

"the documents and the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*,

484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Agency affidavits or

declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926

F.2d 1197, 1200 (D.C. Cir. 1991).  Such affidavits or declarations are accorded "a presumption

of good faith, which cannot be rebutted by purely speculative claims about the existence and

discoverability of other documents." *Id.* (internal citation and quotation omitted).   An agency

must demonstrate that "each document that falls within the class requested either has been

4

produced, is unidentifiable, or is wholly [or partially]  exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

## Discussion

### *Adequacy of the Search*

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id.* at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

Defendant searched for documents responsive to Plaintiff's FOIA request in two systems of records, the Treasury Enforcement Communications System ("TECS") and the Investigations Records System.  Fields Decl., ¶ 13.  ICE records located within TECS include information from

federal state and local law enforcement sources, including criminal records, names of fugitives, and search, seizure and arrest records. *Id.*, ¶ 14.   Records in the TECS are retrieved in the computerized system using names, unique individual identifiers, and individual addresses. *Id.* During its search within TECS, ICE located records regarding Plaintiff's arrest for narcotics violations. *Id.*  The search also revealed that Plaintiff was the subject of a criminal investigation in Brownsville, Texas. *Id.*, ¶ 17.   ICE requested that the office with jurisdiction over that investigation process Plaintiff's request and inform Plaintiff of its determination. *Id.*

The Investigations Records System consists of paper and microfiche records. *Id.*, ¶ 15. The system maintains reports of investigations, case agent's notes, records of persons and organizations that were subject to investigation, and results of forensic analyses. *Id.*   The system is indexed by reference to an individual's name and/or identification number. *Id.*  The SAC in San Antonio conducted a search of this system and located an investigative file pertaining to Plaintiff. *Id.*, ¶ 18.

Plaintiff contends that the agency's search was inadequate.  Plaintiff asserts that he was the subject of a multi-jurisdictional task force and that Defendant's records search did not "include[] its intelligence files, or the files where reports from its agents who participated in the multi-jurisdictional drug task force are maintained."  Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 2.   In response, Defendant states that the TECS system of records maintains "every possible type of information" from a variety of law enforcement sources.  Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Fields Decl., ¶ 5.   If there were any intelligence files as described by Plaintiff, they would have been discovered in the TECS or the Investigations Records System.

6

*Id.*, ¶ 6.  The agency asserts that these two records systems were the only ones likely to maintain records responsive to Plaintiff's request.  *Id.*  Other than the records that have been disclosed to or withheld from Plaintiff, as described in the agency's declarations, no records were located during the ICE's searches.  *Id.*, ¶ 8.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results.  *Weisberg*, 745 F.2d at 1485.  An agency's failure to find a particular document does not undermine the determination that the search was adequate.  *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987).  It is apparent from the two declarations submitted by the ICE that the agency has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested."  *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68).  As such, the searches for Plaintiff's requested records were adequate to fulfill Defendant's obligations under the FOIA.

### *Agency's Disposition of Plaintiff's Request*

Defendant's summary judgment motion and the accompanying declaration contend that the  ICE disclosed to Plaintiff records in its possession responsive to his request and properly withheld certain documents pursuant to FOIA exemptions.  Plaintiff has not challenged these assertions.  To establish a FOIA claim, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records.  *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C.Cir. 2004).  A suit is only authorized under the FOIA against federal agencies to remedy an agency's improper withholding of information.  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S.

136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1).

Plaintiff does not claim that records have been improperly withheld by ICE. Nevertheless, the Court has reviewed the agency's declarations and finds that the undisputed facts advanced by Defendant show that the withheld documents were exempt from disclosure and that all reasonably segregable material was released to Plaintiff.

### Conclusion

There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.  Therefore, summary judgment will be granted in favor of Defendant.  An appropriate order accompanies this Memorandum Opinion.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: 1-17-06